106

Midling v. Perrini, Supt., Marion Correctional
Institution.

(No. 41411—Decided April 24, 1968.)

Mr. Kenneth R. Midling, in propria persona.
Mr. William B. Saxbe, attorney general, and
Mr. William C. Baird, for respondent.

Taft, C. J. This is an action in habeas corpus originating in this court.

In January 1966, while represented by counsel, petitioner pleaded guilty to an indictment charging him, pursuant to Section 2907.12, Revised Code, with maliciously and forcibly, with the aid of certain instruments forcing an entrance into a "depository box" containing money in excess of $60.

The indictment states that the money in the "depository box" was "the property of the Ohio Bell Telephone Company," and we will therefore treat the indictment as though it specifically stated that the "depository box" was a pay telephone, as petitioner contends.

After petitioner's sentence for the crime specified in Section 2907.12, Revised Code, this court held in *State* v. *Aspell* (1967), 10 Ohio St. 2d 1, 225 N. E. 2d 226, that "the term 'depository box'" in that statute did "not include a cigarette vending machine and an open receptacle therein containing coins which have been deposited there for the purchase of packages of cigarettes."

In reliance upon that case, petitioner contends that his judgments of conviction are based on indictments which do not charge an offense.

In reliance upon paragraph six of the syllabus in *State* v. *Cimpritz* (1953), 158 Ohio St. 490, 110 N. E. 2d 416, petitioner then contends that a judgment of conviction based upon such an indictment is void and may be attacked in a collateral proceeding. There are words in that paragraph of the syllabus which so state. However, the *Cimpritz case* involved a direct appeal from the judgment of conviction and not a collateral attack on such a judgment. Hence, it would have been sufficient to use the word "voidable" instead of "void" in that paragraph of the syllabus. Also, no question with respect to a collateral attack was involved in the case, so that any statement with respect thereto may be disregarded. This was pointed out in the opinion in *State* v. *Wozniak* (1961), 172 Ohio St. 517, 522, 178 N. E. 2d 800.

This court has previously held that, where a defendant while represented by counsel pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense. *Evans* v. *Sacks* (1962), 173 Ohio St. 116, 180 N. E. 2d 151; *Mills* v. *Maxwell* (1963), 174 Ohio St. 523, 190 N. E. 2d 264; *Perry* v. *Maxwell* (1963), 175 Ohio St. 369, 195 N. E. 2d 103. Such an indictment can only be attacked directly on appeal. See *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 226 N. E. 2d 104.

Although the time for an appeal "as a matter of right" has expired, Section 2953.05, Revised Code, does provide for an appeal "by leave." See *State* v. *Catlino* (1967), 10

Ohio St. 2d 183, 226 N. E. 2d 109. We express no opinion as to whether the Court of Appeals should, in its discretion, grant such leave.

However, in the instant case, it may be observed that this petitioner was also indicted at the time of the foregoing indictment for forcing entrance into each of six other depository boxes, for possession of burglary tools (Section 2907.11, Revised Code, penalty 1 to 5 years), and for grand larceny (Section 2907.20, Revised Code, penalty 1 to 7 years); that, at the trial, he retracted his pleas of not guilty and pleaded guilty to two charges of forcing entrance into depository boxes and the charge of possession of burglary tools; and that the court, on recommendation of the prosecuting attorney, nolled the other charges and then ordered that sentences on his three convictions run concurrently. It may be observed further that, in July 1967, petitioner sought relief in the Common Pleas Court under the postconviction statutes and that court made a complete finding of facts and concluded that ''the plea of guilty, with representation of counsel, which plea led to the judgment of conviction, bars the convicted defendant from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in the judgment of conviction or on an appeal from that judgment.'' Such a conclusion is in accordance with our holding in *State* v. *Perry, supra* (10 Ohio St. 2d 175).

For the foregoing reasons, the petitioner is remanded to custody.

*Petitioner remanded to custody.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.