Defendant David A. Juergens, appellant herein, was indicted on March 9, 1976, for the crime of burglary, tried, convicted and on November 19, 1976, sentenced.
Subsequent to arraignment defendant sought by pre-trial motions to have suppressed as evidence five named items of personal property seized under a search warrant for alleged defects in the warrant and the affidavit therefor and to have the charge against him dismissed because the grand jury which indicted him consisted of only nine members. Each of these motions was overruled and the defendant appeals assigning error as follows:
"1. The trial court erred in not dismissing the indictment because the trial court did not have jurisdiction over the person of the defendant.
"2. The trial court erred in its ruling when it overruled the defendant's motion to suppress certain evidence which was seized by the State of Ohio pursuant to an illegal search and seizure which was in violation of the Fourth Amendment and Fourteenth Amendment to the Constitution of the United States."
Although the defendant has filed transcripts of most of the pre-trial proceedings he has not favored us with a transcript of the hearing on the motion to dismiss. We are thus confronted with a situation common to that discussed in our decision in the case of State v. Collins, unpublished, Court of Appeals for Hancock County, No. 5-76-35, decided May 13, 1977, differing therefrom in that a timely motion (see Criminal Rule 12) was here made to dismiss the indictment. The prosecuting attorney does not dispute that the defendant was indicted by a nine member grand jury under the provisions of Criminal Rule 6(A), rather than a fifteen member grand jury under the provisions of R. C. 3929.02, as set forth in the motion to dismiss, and his only argument in his brief on the first assignment of *Page 106 
error relates to the validity of such a panel or the waiver of any objection thereto. It is thus our opinion that the issue is squarely before us as to whether an indictment returned by a nine member grand jury bestows jurisdiction on the trial court to try the defendant.
Section 10, Article I, of the Ohio Constitution, prescribes:
"* * * [N]o person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. * * *" (Emphasis added.)
Section 5(B), Article IV, of the Ohio Constitution, prescribes in part:
"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." (Emphasis added.)
R. C. 2939.02 prescribed at the time of the adoption of Criminal Rule 6(A):
"Grand juries shall consist of fifteen persons, resident electors of the county." (Emphasis added.)
R. C. 2939.20 then provided:
"At least twelve of the grand jurors must concur in the finding of an indictment. * * *" (Emphasis added.)
Criminal Rule 6, effective July 1, 1973, provides:
"(A) * * * The grand jury shall consist of nine members,
including the foreman, plus not more than five alternates. * * *
"(F) * * * An indictment may be found only upon theconcurrence of seven or more jurors. * * *" (Emphasis added.)
The Supreme Court has passed on its procedural rule making power in the cases of Krause, Admr., v. State (1972), 31 Ohio St.2d 132; Morrison v. Steiner (1972), 32 Ohio St.2d 86;State v. Hughes (1975), 41 Ohio St.2d 208, *Page 107 
and State v. Wallace (1975), 43 Ohio St.2d 1. All of these cases recognize that such power may not, as prescribed by the constitution, be used to abridge, enlarge or modify any substantive right. At page 145 of his opinion in the Krause case Chief Justice O'Neill says:
"The word `substantive,' as used in Section 5(B) of Article IV, is in contradistinction to the words `adjective' or `procedural' which pertain to the method of enforcing rights or obtaining redress. `Substantive' means that body of law which creates, defines and regulates the rights of the parties. * * * The word substantive refers to common law, statutory and, constitutionally recognized rights. * * *"
In that case the court then determined that the procedural rule making power of the Supreme Court could not abrogate the requirement of statutory consent for suits against the state.
In the Morrison case the Supreme Court determined that the delineation of proper venue is a procedural matter within the scope of rule making power of the Supreme Court. In theHughes case it was decided that the right of appeal is a substantive right which is not the subject of rule and theWallace case said that the procedural requirements and time requirements of an appeal by the state are subject to Appellate Rules 4(B) and 5.
The ultimate issue raised by this assignment of error is thus whether the number of members of an Ohio grand jury involves a substantive right or a procedural matter? If the former it is not subject to Supreme Court rule but subject to statute and an indictment requires the concurrence of twelve members of a fifteen member grand jury. If the latter, it may then be fixed by Supreme Court rule and an indictment merely requires the concurrence of seven members of a nine member grand jury.
In In re Wilson (1891), 140 U.S. 575, 35 L. Ed. 513, the Supreme Court of the United States determined that "a deficiency in the number of grand jurors prescribed by law, there being present a number sufficient to find an indictment, is a defect not going to the matter of jurisdiction, *Page 108 
and one which cannot be taken advantage of after conviction, by writ of habeas corpus." That case thus stands for the proposition that in any event the indictment is not void so as to deprive the court of jurisdiction over the person and so as to be subject to collateral attack, but that, if voidable, must be attacked by direct appeal. Compare Midling v. Perrini, Supt.
(1968), 14 Ohio St.2d 106, and State v. Wosniak (1961),172 Ohio St. 517.
The grand jury in its common law concept was a body of men who, according to law, are selected and summoned to serve before a competent court and charged to exercise inquisitorial and accusatorial powers with regard to crimes alleged to have been committed within its jurisdiction. At common law it must be composed of not less than twelve nor more than twenty-three members, but the number of persons necessary is now very generally dependent on constitutional or statutory provisions. A state constitutional provision, as that in Ohio, that the number shall be determined by law confers a discretion on the law making body and empowers it to fix the number at less than twelve. 38 Corpus Juris Secundum 980 et seq., Grand Juries, Sections 1 and 18.
In Ex Parte Stephens (1960), 171 Ohio St. 323, the Supreme Court recognized that the right of one charged with crime to be charged by indictment was subject to waiver by the accused by consenting to prosecution by information. Finally in Wells v.Maxwell, Warden (1963), 174 Ohio St. 198, 200, the Supreme Court unanimously held (Judge O'Neill not participating) that the "manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is strictly a matter of procedure, and a change in such procedure does not deprive an accused of any substantial right or protection and thus does not constitute a violation of the ex post facto provisions of the Constitution."
It is apparent that the framers of our constitution considered the right of an accused to be charged by an indictment as an important constitutional right to be included in *Page 109 
the Bill of Rights. It appears to the contrary that they did not consider the number of persons to constitute such grand jury as of such importance that the number should be fixed by the constitution but instead recognized that the determination of that number should be left to the flexibility and discretion of the lawmakers. The substantive right, if there is one, is the right not to be tried without an accusation by indictment which in turn informs the accused of the nature of the charge against him. The number of members of the body composing the grand jury has no substantive significance as long as the indictment is returned by the body as a whole.
We conclude from this reasoning as well as from the foregoing authorities that the fixing of such number relates to the procedure for returning the indictment by the grand jury and not to the right to have such indictment returned by the grand jury. The number is properly the subject of the procedural rule adopted by the Supreme Court in the manner provided by Section5(B), Article IV, of the Ohio Constitution. We accordingly also conclude that the first assignment of error is not well taken.
Reference to the record reveals that none of the specific items of evidence sought to be suppressed were referred to during trial or offered into evidence in support of the charge. The defendant could not, therefore, have been prejudiced by the action of the court in overruling the motion to suppress even if such action might have been erroneous because of defects in the search warrant or the affidavit therefor. The second assignment of error is not well taken.
Finding no error prejudicial to the defendant, appellant herein, in any of the particulars assigned the judgment must be affirmed.
Judgment affirmed.
MILLER, P. J., and COLE, J., concur. *Page 110