[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This appeal is taken by defendant-appellant Camilo T. Cumpian ("Cumpian") from a judgment in the Court of Common Pleas of Henry County finding him guilty of attempted murder.
February 6, 1997, Adolf Casillas ("Casillas") was stabbed over 25 times by a masked assailant. Casillas called for help and survived the attack. Approximately three weeks later, Billy Barrera went to the police and confessed his involvement in the attack. He named Cumpian as the man who attacked Casillas.
On Saturday, March 1, 1997, Cumpian was arrested at his home. Cumpian saw the police approaching the house and told his girlfriend, Yvonne Alafa ("Alafa"), to call his mother and have her call a lawyer. Cumpian then opened the door and was arrested. Cumpian was taken to the Defiance County Sheriff's Office for questioning. Cumpian was read his Miranda rights and asked to sign the waiver, which he did. The officers then proceeded to question Cumpian about the stabbing and Cumpian eventually confessed to the crime.
Meanwhile, Alafa notified Cumpian's stepfather about the arrest, who contacted Attorney Charles Bates and asked him to represent Cumpian. Bates immediately called the Sheriff's office, identified himself as Cumpian's attorney, and asked to speak with his client. Bates was informed that Cumpian was "in conference" and could not be disturbed. Bates then asked the dispatcher to notify the officers that he was on the phone and wished to speak with his client. The dispatcher refused.
Bates then called back and spoke with Deputy Engel. Bates asked Engel to notify his client that he was available to speak with Cumpian if he wished. Engel refused and stated that since Cumpian had not asked for an attorney, he was not getting one. After conferring with the family, Bates again called the Sheriff's office and explained to Engel that the family had hired him to represent Cumpian. Bates then repeated his request that Engel notify the interrogating officers that he was available to confer with his client. Again Engel refused to do so even though the distance between the two locations could be walked "in a matter of seconds." Suppression Hearing Tr. 151.
From April 20-23, 1998, a jury trial was held. During the trial, the State admitted evidence that Cumpian had broken a window at Casillas' home in 1996. The incident occurred when Cumpian, jealous that Alafa was spending time with Casillas went to Casillas' home and found Alafa there. In his anger Cumpian shattered the glass in a window. The next day, Alafa called Casillas and told him that she could not see him any longer. Then Cumpian got on the phone and told Casillas that his face should have gone through the window and called him stupid, ignorant, and immature. On April 23, 1998, the jury returned a verdict of guilty of aggravated burglary and of attempted murder. Cumpian was sentenced to 14 years in prison for both offenses.
Cumpian raises the following assignments of error:
 The trial court erred in failing to grant Cumpian's motion to suppress incriminating evidence obtained during an interrogation by law enforcement officers which occurred while law enforcement officers at the place of the interrogation knew Cumpian's attorney was vigorously attempting to talk to Cumpian.
 The trial court erred in permitting the testimony concerning prior bad acts of Cumpian.
In a supplemental brief, filed pro se, Cumpian raises these additional assignments of error:
 The indictment brought against Cumpian was issued in violation of Article I Section 10 of the Ohio Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.
 Cumpian was denied the assistance of counsel at a critical stage of the proceeding.
The jury venire was "stacked" against Cumpian.
 The use of co-defendant Barrera as a prosecution witness violated due process.
 The trial court abused its discretion in its handling of prosecution witness Barrera.
The prosecutor withheld Brady material.
 Prosecutorial misconduct deprived Cumpian of a fair trial.
The prosecutor constructively amended the indictment.
Cumpian was prejudiced by multiple errors.
The first assignment of error set forth by Cumpian's counsel addresses whether the trial court should have suppressed Cumpian's statement at the police station. The second assignment of error set forth in Cumpian's pro se supplemental brief addresses the same issue. Thus, they will be addressed together.
When determining whether a confession was voluntarily given, we must look at the totality of the circumstances. State v.Edwards (1976), 49 Ohio St.2d 31, 358 N.E.2d 1051. In this case, Cumpian was taken to the sheriff's office where he was read his rights and he signed the waiver of those rights. Two officers were present in the interrogation room. After less than one hour of conversation, Cumpian had confessed to the offense. Cumpian argues that this confession should have been suppressed because he did not know that his attorney was attempting to contact him. Cumpian claims that if he had known that his attorney was on the phone, he would not have confessed to the crime. However, this claim is not supported by the circumstances.
Cumpian never notified the police that he wished to speak with an attorney. Although Cumpian told Alafa to call his mother and have her call an attorney, he did not make this statement in the presence of the police. Thus, the police had no reason to believe that Cumpian had required an attorney. Additionally, Cumpian did use the phone to call his father, but he did not attempt to contact an attorney. Cumpian does not claim that he was mistreated at the sheriff's office or that he was threatened or promised anything in return for his confession. There are also no allegations that Cumpian was suffering from any mental impairment at the time of his confession.
In support of his argument, Cumpian points to State v. Luck
(1984), 15 Ohio St.3d 150, 472 N.E.2d 1097. In Luck, the Ohio Supreme Court held that:
 A defendant in a criminal prosecution is deprived of the right to the assistance of counsel in violation of the Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, when a police officer elicits statements from the defendant after (1) refusing to allow an attorney, retained pursuant to the defendant's request, to speak to the defendant on the telephone, (2) failing to inform the defendant either of the attorney's retention by her husband or of the attorney's telephone calls to the police station on her behalf, and (3) assuring the defendant's attorney that the police will not talk to or interrogate the defendant.
 Id. at syllabus. The Court found that the confession was an involuntary one and should be suppressed as involuntary because the police engaged in deceptive practices to obtain it. However, the Luck case is distinguishable from this one. In Luck, the defendant asked her husband to get her an attorney in the presence of a police officer who heard the request. Second, the defendant in Luck was sick at the time of the interrogation, which affected her ability to think clearly. Third, the police placed the defendant in a holding cell and refused her attorney access to her. Finally, the police informed the attorney that they would not interrogate his client without the attorney being present, then proceeded to do so for over five hours. Here, the defendant was healthy and never requested an attorney in the presence of the police. At the time of the attorney's calls, the defendant was being interviewed. The interview lasted less than an hour. The last call from the attorney was less than five minutes before the end of the interview. In this case, the police did not engage in any deceptive practices to obtain the confession. Therefore, we cannot say that under the totality of the circumstances that the confession was involuntary. The first assignment of error and second pro se assignment of error are overruled.
In the second assignment of error, Cumpian claims that the trial court erred by admitting evidence of a prior confrontation between Cumpian and Casillas. During the trial the victim was allowed to testify that Cumpian had previously broken a window at his house and had called him names over the phone. This was admitted to show motive. The Rules of Evidence provide that:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident.
Evid. R. 404(B). Because Evid. R. 404(B) is an exception to the rule against admitting other acts testimony, it must be construed against admissibility. State v. Broom (1988), 40 Ohio St.3d 277,533 N.E.2d 682. In this case, the trial court admitted the evidence because it determined that a showing that Cumpian had broken a window at Casillas' home and had threatened Casillas almost a year before the offense charged was evidence of Cumpian's motive. However, the testimony that Cumpian was angry with Casillas a year ago does not tend to show that he had a motive for committing this crime. The two events are too remote in time and circumstances to have a connection. Therefore, it was error to admit the other acts testimony.
Although, the trial court erred in admitting the other acts testimony, that error is harmless. The trial court gave a limiting instruction to the jury concerning the other acts testimony. This instruction told the jury that they could not consider those other acts as proof that Cumpian committed this offense. The trial court told the jury that the only reason they could consider the other acts testimony was in determining a motive for Cumpian to have committed the crime. In addition, there is sufficient other evidence, such as the confession, to support a conviction. Therefore, we cannot say that there is a reasonable possibility that the testimony contributed to Cumpian's conviction. Crim.R. 52(A). The second assignment of error is overruled.
In the first pro se assignment of error, Cumpian argues that the indictment violates the United States and the Ohio Constitutions. Cumpian evidently believes that because the grand jury system of Ohio is not identical to that of 17th century England, the process violates the Ohio Constitution. This theory is flawed. The Constitution provides for indictment by the grand jury. However, the Constitution does not set forth the procedures for the grand jury to follow. Those procedures can be set by the legislature. State v. Juergens (1977), 55 Ohio App.2d 104,379 N.E.2d 602. Therefore, the procedures used do not violate the Constitution and the first pro se assignment of error is overruled.
The third assignment of error raised in the pro se brief claims the jury venire was stacked because the trial court refused to dismiss a prospective juror for cause, thus forcing Cumpian to use a peremptory challenge. Whether a prospective juror should be dismissed for cause is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. State v. Henderson (1988), 39 Ohio St.3d 24,528 N.E.2d 1237. Cumpian claims that the juror was biased due to pre-trial publicity. However, the trial court found the juror to be capable of following the law and basing a decision solely upon the evidence presented. There is evidence in the record to support this conclusion, so the trial court did not abuse its discretion. The third pro se assignment of error is overruled.
In the fourth pro se assignment of error, Cumpian claims that permitting Barrera to testify denied him due process. Cumpian argues that "[i]t is self-evident that prosecution witness [Barrera] was bribed for his testimony" by the plea agreement. However, any deal made by the State and Barrera could have been placed before the jury during cross-examination. Barrera was present at the time of the crime and had first hand knowledge to give the jury. The fact that he was a participant may be used to impeach him, but it does not exclude his voluntary testimony. Therefore, the fourth pro se assignment of error is overruled.
The fifth pro se assignment of error is that the trial court erred in refusing Cumpian the opportunity to impeach Barreras with his past criminal conduct.
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
 Evid. R. 608(B). The trial court has the discretion to determine whether the alleged prior conduct is clearly probative of truthfulness. State v. Shields (1984), 15 Ohio App.3d 112, 472 N.E.2d 1110. The trial court may prohibit inquiry into any conduct that is not clearly probative of truthfulness. State v. Williams (1981), 1 Ohio App.3d 156, 440 N.E.2d 65. In this case, Cumpian wanted to cross-examine Barreras on some prior acts of vandalism and assaults he claims Barreras committed. There is no evidence of Barreras' conviction for any prior crimes before the trial court. The trial court ruled that these claimed prior acts were not clearly probative of the witness's character trait of truthfulness and prohibited the inquiry. We do not find an abuse of discretion in the trial court's ruling and the fifth pro se assignment of error is overruled.
In the sixth pro se assignment of error, Cumpian claims that the prosecution withheld Brady material. This argument is based upon the disclosure of handwritten notes by Deputy Vocke during the trial. These notes were almost identical in content to the typewritten notes disclosed to Cumpian prior to trial and did not contain any new exculpatory evidence. The trial court granted Cumpian additional time to review the notes and compare them with the typed notes. Finally, the handwritten notes were not admitted in evidence. Therefore, the sixth pro se assignment of error is overruled.
The seventh pro se assignment of error asserts that prosecutorial misconduct denied Cumpian a fair trial. Prosecutorial misconduct is not grounds for reversal unless it so taints the proceedings that it deprives the defendant of a fair trial. State v. Phillips (1995), 74 Ohio St.3d 72,656 N.E.2d 643. In the opening statement, the prosecutor made the following statements.
 There was also a co-defendant who was present with the defendant but Mr. Casillas was there, with purpose to commit any criminal offense, and while in that structure, the grand jury indicated that the defendant did inflict physical harm on Adolf Casillas.
* * *
 At the conclusion of the case, the evidence that you will hear collectively will be overwhelming. There will be no question in your minds that the defendant is guilty just as charged by the grand jurors of Henry County.
These statements are improper because they imply guilt from the fact that the grand jury indicted the defendant. The decision of the grand jury is merely that there is probable cause to believe the defendant committed the offenses charged. The testimony before the grand jury is not subject to cross-examination and no defense is provided. Thus, the indictment cannot be used to infer guilt at the trial. For the prosecutor to state or imply otherwise in opening or closing argument is misleading to the jury and improper. In this case, however, these statements alone are not enough to prejudicially affect a substantial right of the defendant and deprive him of a fair trial. State v. Van Meter
(Nov. 25, 1998), Henry App. No 7-98-02, unreported. Therefore, the seventh pro se assignment of error is overruled.
An eighth pro se assignment of error claimed is that the prosecutor constructively amended the indictment. After review of the record, we can find no amendment of the indictment. Cumpian points to page 798 of the transcript as evidence of the amendment. However, page 798 merely sets forth the correct jury instructions regarding the proper use of the other act testimony. No additional charges were placed before the jury for consideration. Thus, the eighth pro se assignment of error is overruled.
Finally, Cumpian claims in his pro se brief that he was prejudiced by the multiple errors. Our thorough review of the transcript, discloses that Cumpian was afforded a fair trial. The ninth pro se assignment of error is overruled.
The judgment of the Court of Common Pleas of Henry County is affirmed.
Judgment affirmed.
 SHAW and HADLEY, JJ., concur.