OPINION
Defendant-appellant, Sandy Gary Kuehne, appeals a Butler County, Hamilton Municipal Court conviction for theft of utilities. We reverse.
On December 17, 1997, the manager of Sycamore Market ("Market") noticed an unauthorized extension cord plugged into an outside electrical outlet which was coming from the house behind the Market. The manager reported this to the City of Hamilton Police Department. However, before the police arrived, the manager saw appellant unplug the cord and roll it up.
On December 18, 1997, the manager again noticed the extension cord plugged into the outside electrical outlet. Officer McQueen of the City of Hamilton Police Department arrived at the Market and followed the cord, which ran across the building, along the back fence, through the back yard and under the front door of the residence behind the Market. The residence was occupied by appellant. The residence had been boarded up by the City of Hamilton Health and Fire Department and the utilities were turned off. Officer McQueen entered the residence through a window and discovered appellant, who had been heating the residence with an electric heater. Appellant was arrested and charged with petty theft in violation of the City of Hamilton Ordinance Section 545.05,[1] and theft of utilities in violation of Hamilton City Ordinance Section 4933.19.[2]
On December 18, 1997, appellant entered a plea of not guilty. On April 6, 1998, appellant was tried before the bench and appellant was found guilty of theft of utility service in violation of "Section 4933.19." By judgment entry filed on May 28, 1998, appellant was sentenced to pay $330 in fines and court costs. Appellant filed a timely appeal and asserts two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT BY FAILING TO GRANT THE MOTION TO DISMISS. R.C. SECTION [sic] 4933.19 DOES NOT CHARGE A CRIME AND HAS NO PENALTY PROVISION. R.C. SECTION [sic] 4933.19 DOES NOT REQUIRE OR PROHIBIT CONDUCT BY PERSONS, BUT IN STEAD, DIRECTS UTILITIES TO NOTIFY THEIR CUSTOMERS ABOUT TAMPERING WITH OR BYPASSING METERS.
In his first assignment of error, appellant argues that the City of Hamilton Ordinance Section 4933.19 is nonexistent and that R.C. 4933.19 does not state an offense for which appellant could be charged. As a result, appellant argues that his conviction under either law is void. We agree.
It is well-settled in Ohio that a conviction based upon an indictment or a complaint that does not charge an offense is void able upon appeal. City of Columbus v. Viereck (May 10, 1979), Franklin App. No. 78AP-259, unreported, at 4, citing State v.Wozniak (1961), 172 Ohio St. 517. The Ohio Constitution guarantees to every criminal defendant the right to know the "nature and cause of the accusations against him." Section 10, Article I, Ohio Constitution; State v. Burgun (1976), 49 Ohio App.2d 112. Accordingly, a criminal defendant has a constitutional right to be notified as to the offense and its elements for which he is charged through the charging instrument.State v. Culp (1971), 32 Ohio App.2d 39, 42; Crim.R. 3. The charging instrument must contain the essential facts and elements of a criminal offense. State v. Burgun (1976), 49 Ohio App.2d 112; Crim.R. 3. Further, Crim.R. 7(B) requires that the charging instrument must
 contain a statement that the defendant has committed a public offense. * * * The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.
This enables the defendant to adequately respond to the charges brought against him.
The prosecution contends that appellant has waived any defect in the charging instrument since he did not follow the criminal rules of procedure and make a motion to dismiss before trial. How ever, a defendant who pleads not guilty to an offense listed in the charging instrument, which is defective, has not waived his constitutional right to be advised of "the nature and cause of the accusation against him." See Midling v. Perrini (1968),14 Ohio St.2d 106.
Next, the prosecution argues that appellant was actually tried for petty theft. However, a person cannot be charged for one crime and convicted of an entirely different offense. Statev. Saionz (1969), 23 Ohio App.2d 79. If an offense was indeed committed, but not charged or prosecuted, ordinarily the prosecution may issue a new complaint, even though the accused has caused the complaint charging a nonexistent offense to be dismissed on appeal. Id.
Appellant was charged, tried, and convicted of theft of utility service in violation of R.C. 4933.19.[3] We agree that, prior to July 1, 1996, theft of utility service was a criminal offense under R.C. 4933.19. The statute provided that "[n]o person shall knowingly consume any gas, electricity, steam, or water that has not been correctly registered because a meter, conduit, or attachment of a utility has been tampered with * * * or knowingly use service that has been discontinued by a utility and reconnected with the utility's consent." However, on July 1, 1996, the General Assembly revised Chapter 49 of the Ohio Revised Code. Consequently, theft of a utility service is no longer a separate criminal offense. R.C. 4933.19 currently states:
 Electric light company, gas company, natural gas company, pipe-line company, water-works company, or heating or cooling company, as defined by division (A)(4),(5),(6),(7),(8), or (9) of section 4905.03 of the Revised Code, or its lessees, trustees, or receivers, and each similar utility owned or operated by a political subdivision shall notify its customers, on an annual basis, that tampering with or bypassing a meter constitutes a theft offense that could result in the imposition of criminal sanctions.
It is evident that the current R.C. 4933.19 does not charge an offense. Further, nowhere in the Ohio Revised Code is there an offense for the theft of utility service by a third party.
Appellant was charged with an offense, theft of a utility service, that is nonexistent. Therefore, appellant's conviction for theft of a utility service pursuant to R.C. 4933.18 is void and his conviction must be vacated. Accordingly, appellant's first assignment of error is well-taken.
Assignment of Error No. 2:
 THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE 1 SECTION [sic] 10 OF THE OHIO CONSTITUTION WHERE COUNSEL REFUSED TO ASSERT THE DEFENDANT'S RIGHT TO TRIAL BY JURY AND CHANGED HIS PLEA FROM NOT GUILTY TO NO CONTEST WITHOUT THE DEFENDANT'S KNOWLEDGE, CONSENT, OR APPROVAL, AND AGAINST HIS EXPRESS INSTRUCTIONS.
In his second assignment of error, appellant argues that his conviction should be reversed since he was denied the effective assistance of counsel. As we have reversed appellant's conviction based on his first assignment of error, the second assignment of error is moot.
Judgment reversed.
POWELL, P.J., and WALSH, J., concur.
[1] The record contains no evidence of this charge, however both parties agree that appellant was charged with violating Section 545.05, and that appellant was never tried for this charge. For purposes of this appeal, the charge under Section 545.05 is irrelevant. We will not decide whether appellant can still be charged under Section 545.05 since that issue is not before this court.
[2] Section 4933.19 is actually an Ohio Revised Code section. Throughout the record, Section 4933.19 is referenced as both a Hamilton City Ordinance and as an Ohio Revised Code section. We recognize that listing Section 4933.19 as a Hamilton City Ordinance was a clerical error. Further, the record reflects that at trial appellant acknowledged that he was being tried for theft of utilities under R.C. 4933.19.
[3] The record reflects that in some documents appellant was charged with theft of utilities pursuant to section 4933.19 of the Hamilton City Ordinances. This misstatement of the applicable section bears no relevancy to the disposition of this appeal.