OPINION
{¶ 1} Defendant-appellant, Richard L. Keplinger, appeals the decision of the Madison County Court of Common Pleas sentencing him to a five-year term for trafficking in heroin under R.C. 2925.03.
 {¶ 2} Appellant was employed as a corrections officer at the London Correctional Institution ("LCI") in Madison County. On March 1, 2002, LCI's investigator, Marty Dillard, received information that appellant was conveying drugs to inmates in the institution. An investigation ensued and disclosed that a former LCI inmate on parole was supplying appellant with drugs. Appellant then in turn supplied drugs to the LCI inmates.
 {¶ 3} The parolee was confronted by authorities and acknowledged that he was supplying appellant with drugs. The parolee agreed to meet with appellant wearing a recording device. On March 26, 2002, appellant and the parolee met. Appellant gave the parolee blank prescription forms and received heroin from the parolee. Appellant stated that he would take the heroin to the institution the following day. At that point, members of the Ohio State patrol placed appellant under arrest.
 {¶ 4} On June 4, 2002, appellant was charged by the prosecutor's information with one count of aggravated drug trafficking, one count of drug abuse, and one count of illegal processing of drug documents. On June 6, 2002, the trial court conducted plea and sentencing hearings. Appellant pled guilty to aggravated drug trafficking and pled no contest to the remaining two counts. The court found appellant guilty on all counts. The court, on each count, imposed the maximum prison sentence, a three-year term of post-release control, and a five-year driver's license suspension. Appellant appeals the sentence with regard to the aggravated drug trafficking charge only. The drug abuse and illegal processing of drug documents counts will not be addressed. Appellant raises two assignments of error which will be addressed together.
Assignment of Error No. 1
 {¶ 5} "The Five-year Sentence On Count One For Violating R.C. § 2925.03(C)(6)(c) Is Contrary To Law And Not Supported By The Record. Hence, The Sentence Violated Mr. Keplinger's Rights Under The Due Process And Equal Protection Clauses Of The Ohio And United States Constitutions."
Assignment of Error No. 2
 {¶ 6} "Mr. Keplinger Was Denied His Right To Counsel And Due Process Under The Ohio And United States Constitutions By His Counsel's Ineffective Assistance In Failing To Object To The Imposition Of An Illegal Sentence."
 {¶ 7} Generally, an indictment or, in this case, an information must allege all elements of the crime intended to be charged. State v.Jester (1987), 32 Ohio St.3d 147, 149, certiorari denied (1988),484 U.S. 1047, 108 S.Ct. 785; State v. Cole (1994), 94 Ohio App.3d 629,633. If an essential and material element identifying the offense is omitted from the information, it is insufficient to charge an offense. See Jester, 32 Ohio St.3d at 149; State v. Headley (1983),6 Ohio St.3d 475, 479; State v. Wozniak (1961), 172 Ohio St. 517; Harrisv. State (1932), 125 Ohio St. 257. The omission of a material element of the crime from an indictment renders the indictment invalid. Id. Furthermore, the numerical designation of the applicable criminal statute in a complaint does not cure the defect in failing to charge all the essential elements of the crime. State v. Burgun (1976),49 Ohio App.2d 112, 119.
 {¶ 8} Where a defendant, while represented by counsel, pleads guilty to an offense and is sentenced, an attack on the indictment for failure to state one or more essential elements of the offense can be made on direct appeal. Midling v. Perrini (1968), 14 Ohio St.2d 106,107. A defendant, by entering a guilty plea, does not waive his right to challenge, on direct appeal, an indictment which fails to state an essential element of the crime. See id.
 {¶ 9} The first count of the information appellant pled to was defective. The information, which alleged "Richard L. Keplinger, did knowingly sell or ofer [sic] to sell a controlled substance in violation of § 2925.03" failed to state the type and amount of controlled substance involved. The type of controlled substance involved in the crime of aggravated trafficking under R.C. 2925.03 is an essential element, which must be included in the information, the omission of which cannot be cured by amendment under Crim.R. 7(D). Headley,6 Ohio St.3d at 479.
 {¶ 10} Although not specifically raised by appellant in this assignment of error, the sentence is contrary to law because the prosecutor's information fails to state an offense. The design of R.C.2925.03 makes "the classification of the controlled substance an essential element of any offense charged under the statute." State v.Reed (1985), 23 Ohio App.3d 119, 122. (Emphasis added.) The statutory scheme sets forth a general prohibition against trafficking in drugs and then sets out specific categories making up the offenses, each of which is determined by the classification of the drug involved: "aggravated trafficking," if the drug is included in Schedule I or Schedule II with the exception of marihuana, cocaine, L.S.D., heroin and hashish under subdivision (C)(1) of R.C. 2925.03; "trafficking in drugs," if the drug is included in Schedule III, IV or V, under subdivision (C)(2); "trafficking in marihuana," if the drug is marihuana, under subdivision (C)(3); "trafficking in cocaine" if the drug is cocaine, under subdivision (C)(4); "trafficking in L.S.D." if the drug is L.S.D., under subdivision (C)(5); "trafficking in heroin" if the drug is heroin, under subdivision (C)(6); and "trafficking in hashish" if the drug is hashish, under subdivision (C)(7).
 {¶ 11} The count under consideration and to which appellant pled, Count I, states, "[o]n or about March 26, 2002, in Madison County, Ohio, the defendant, Richard L. Keplinger, did knowingly sell or offer to sell a controlled substance in violation of § 2925.03 of the Ohio Revised Code and against the peace and dignity of the State of Ohio." The information filed in this case for Count I did not set out any specific category by which to determine the offense charged. If any "material element or ingredient of an offense, as defined by statute, is omitted from an indictment, such omission is fatal to the validity of the indictment." State v. Cimpritz (1953), 158 Ohio St. 490, paragraph three of the syllabus.
 {¶ 12} Plain errors or defects affecting substantial rights may be noticed "although they were not brought to the attention of the court." Crim.R. 52(B). Crim.R. 52(B) places three limitations on the decision of a reviewing court to correct an error despite the absence of a timely objection at trial. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. First there must be an error, i.e., "a deviation from a legal rule." Id. citing State v. Hill, 92 Ohio St.3d 191, 200, 2001-Ohio-141. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious defect in the trial proceedings." Id., citing State v. Sanders, 92 Ohio St.3d 245, 257, 2001-Ohio-189. Third, the error must have "affected substantial rights." Id. "Affecting substantial rights" under plain error analysis means that the court's error must have affected the outcome of the trial. Id. Plain error is defined as "error but for the occurrence of which it can be said that the outcome of the trial would have clearly been otherwise." State v.Sanders (May 17, 2000), Summit App. No. 19783, at 3. The Ohio Supreme Court has recognized that the plain error doctrine should be applied sparingly, and only when necessary to prevent a clear miscarriage of justice. Id., citing State v. Wolery (1976), 46 Ohio St.2d 316, 327.
 {¶ 13} By omission of the amount and type of controlled substance involved, the information charged no offense under R.C. 2925.03. The omission is an obvious deviation from a legal rule. The omission renders the information invalid for failing to state an offense under the laws of Ohio. The defect has affected appellant's substantial rights. Therefore, appellant's conviction under the first count of the information is reversed. We observe that where the charging instrument does not charge an offense under Ohio law, the defendant is not placed in jeopardy, and another prosecution is not barred. State v. Buckley (Feb. 6, 1986), Columbiana App. No. 83-CR-122, at *5. Consequently the case relating to the first count is remanded to the trial court.
 {¶ 14} Appellant argues he was deprived of the effective assistance of counsel, which he specifically limits to his counsel's failure to object to the imposition of an unlawful five-year sentence for a fourth-degree felony. However, in light of our determination that no offense was alleged, no sentencing lawfully occurred. Therefore, both assignments of error are rendered moot and we do not address them.
 {¶ 15} The convictions under the remaining counts of the information are not before us.
 {¶ 16} Appellant's assignments of error, to the extent that they relate to our decision that the first count of the information does not state an offense, are sustained.
 {¶ 17} The judgment relating to the first count of the information is reversed and the matter is remanded to the trial court for further proceedings.
VALEN, P.J., and POWELL, J., concur.