OPINION
{¶ 1} The instant action in habeas corpus is presently before this court for our consideration of the motion to dismiss of respondent, Warden Richard Gansheimer of the Lake Erie Correctional Institution. As the primary basis for his motion, respondent maintains that petitioner, Ronald Strzala, has failed to state a viable claim for the writ because the allegations in his own petition indicate that he is not entitled to be released from incarceration. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} In bringing the instant action, petitioner contends in his claim for relief that his present confinement in respondent's institution is illegal because certain aspects of the sentence he received in his underlying criminal case must be declared void. As the factual grounds for his claim, petitioner alleges that his incarceration is predicated upon the imposition of an additional prison term stemming from a finding that he had violated his post-release control. According to petitioner, this additional term was imposed upon him by both the trial court in his underlying criminal case and certain prison officials at respondent's institution. Finally, petitioner asserts that it was improper to give him the additional prison term because, at the time his original sentence was imposed, the trial court did not inform him that he could be subjected to post-release control.
 {¶ 3} In support of the foregoing basic allegations, petitioner has attached to his petition copies of various documents pertaining to his incarceration and the underlying criminal case against him. Included in these documents are copies of judgment entries which were issued by the Cuyahoga County Court of Common Pleas in that underlying case. Our review of these documents reveals the following additional facts concerning the reasons for petitioner's present incarceration.
 {¶ 4} At some point in the late 1990's, petitioner was indicted on certain criminal charges, including sexual battery, kidnapping, and aggravated burglary, in Cuyahoga C.P. No. 374310. Ultimately, petitioner chose to enter a guilty plea to the sole charge of sexual battery, and the other charges were dismissed. After accepting this plea, the Cuyahoga County Court of Common Pleas imposed a sentence which included certain community control sanctions. Apparently, his community control sanctions must have taken effect fairly quickly because, in September 1999, the Cuyahoga County trial court rendered a new judgment entry in the "sexual battery" case in which it found that petitioner had committed a violation of those sanctions. In light of this finding, the trial court ordered petitioner to serve a term of one year in a state prison. The trial court further ordered that, once petitioner had been released from the prison, he would again be required to follow the community control sanctions.
 {¶ 5} On the same date the "violation" finding was made, a different trial judge of the Cuyahoga County Court of Common Pleas accepted petitioner's guilty plea to two separate offenses in Cuyahoga C.P. No. 37995. Petitioner was then sentenced to an aggregate term of thirty months on the new offenses. Furthermore, it was ordered that petitioner's one-year sentence in the "sexual battery" case would run consecutively to the thirty-month term in the new case.
 {¶ 6} After serving approximately twenty-eight months, petitioner was released from the state prison in February 2002. As was noted above, the "violation" judgment in case no. 374310, the "sexual battery" action, specifically provided that petitioner would again be subject to the original community control sanctions upon his release. In addition, his release at that time was also made subject to post-release control under the supervision of the Adult Parole Authority.
 {¶ 7} Approximately one year later, petitioner was arrested again and placed in the Lake Erie Correctional Institution. In March 2003, a hearing officer at the institution rendered a decision in which it was found that petitioner had violated the terms of the post-release control. As a result, the hearing officer concluded that he should serve an additional prison term of one hundred thirty days. Under this new term, petitioner was scheduled to be released from that prison on July 11, 2003.
 {¶ 8} However, before the new one hundred thirty-day term could elapse, the Cuyahoga Court trial court in the "sexual battery" case issued a new judgment in May 2003. In this particular judgment, the trial court found that petitioner had been guilty of a new violation of his community control sanctions. Based upon this finding, the trial court terminated his community control sanctions under the "sexual battery" case and ordered petitioner to serve a new term of four years.
 {¶ 9} In light of the fact that the additional prison term imposed upon petitioner by the prison hearing officer was set to end in July 2003, it is readily apparent from the documents accompanying the instant petition that the sole basis for petitioner's present confinement is the four-year term imposed in the May 2003 judgment. In attempting to interpret that particular judgment, petitioner asserts that his incarceration stems from a finding that he violated the terms of his port-release control. However, a review of that judgment indicates that the decision of the Cuyahoga County trial court to impose the four-year term was predicated on a finding that petitioner had violated the terms of his community control sanctions, not the terms of his post-release control.
 {¶ 10} Although it is true that both community control sanctions and post-release control involve statutory procedures which allow for the imposition of a jail term upon a convict who has violated restrictions on his behavior, the jail time imposed under each procedure is separate and distinct from the other, and also results from a very different process. Community control sanctions are essentially a distinct form of penalty which a trial court can give to some defendants immediately after their conviction in lieu of a jail term. Under community control sanctions, the convict is allowed to reside in the local community, but certain restrictions are placed upon his behavior. If it is subsequently alleged that the convict has violated a restriction, the trial court conducts a hearing on the matter and determines whether the convict is guilty of a violation. If such a finding is made, the trial court then has the discretion to impose upon the convict the jail term which could have been imposed originally. See, generally, R.C. 2929.15.
 {¶ 11} Like community control sanctions, post-release control is a procedure that is designed to regulate a convict's actions as he lives in the local community. However, in contrast to community control sanctions, post-release control can be imposed upon a convict only after he has served his original jail term and is scheduled to be released from custody. Furthermore, instead of being imposed by the trial court, the restrictions under post-release control are set by the Ohio Adult Parole Authority. If the convict is later accused of violating an aspect of his post-release control, his guilt or innocence is determined by an officer of the Adult Parole Authority. Finally, any jail time imposed for a violation of post-release control is not a continuation of the original term imposed on the convict for the original offense, but is an additional term which cannot exceed nine months. See, generally, R.C. 2967.28.
 {¶ 12} In the instant action, our review of the documents attached to the habeas corpus petition shows that, when petitioner was first incarcerated from September 1999 until February 2002, he was being held pursuant to both the one-year term under the "sexual battery" case and the thirty-month term under Cuyahoga C.P. No. 37995. The documents further indicate that, even though petitioner may not have been aware of it when he was released in February 2002, his release was subject to both post-release control under the jurisdiction of the Ohio Adult Parole Authority and community control sanctions under the "sexual battery" case. Although some of the terms or restrictions in his post-release control and community control sanctions may have been quite similar, petitioner was still subject to two distinct programs of supervision under which he could receive separate sanctions for a violation of the terms of both.
 {¶ 13} In regard to his post-release control, petitioner contends that any jail term imposed upon him for violating a term of that particular program must be declared void because the Cuyahoga County trial court in the "sexual battery" case did not inform him during sentencing that he could be subject to post-release control. As to this point, this Court would emphasize that a convict can be subject to post-release control only when he has completed a prison term for the underlying offense. In his "sexual battery" case, petitioner was not sentenced to a term of imprisonment when he was first convicted of that offense; instead, the Cuyahoga County trial court only imposed community control sanctions. Moreover, the one-year sentence he was given in that case in September 1999 was not a jail term for the sexual battery, but was actually a penalty for violating his community control sanctions.
 {¶ 14} Therefore, it is apparent from petitioner's own documents that he was not subject to post-release control as a result of his conviction for sexual battery. Instead, when petitioner was released from the state prison in February 2002, he was subject to post-release control because he had already served the thirty-month term imposed for his distinct conviction under Cuyahoga C.P. No. 37995. In light of these facts, the trial court in the "sexual battery" proceeding would not have been required to inform him of post-release control.
 {¶ 15} More importantly, even if we assume for the sake of argument that the trial court in the "sexual battery" case did commit an error in regard to post-release control which affected the validity of the additional prison term imposed by the hearing officer in March 2003, such an error would not have had any effect upon the validity of petitioner's community control sanctions and the four-year sentence imposed in May 2003 for the violation of those sanctions. Again, because community control sanctions constitute a separate statutory procedure which is not tied to post-release control, any jurisdictional error pertaining to post-release control would not affect a trial court's basic authority to go forward under the procedure for community control sanctions.
 {¶ 16} Moreover, this court would note that, in his habeas corpus claim, petitioner has not asserted that the Cuyahoga County trial court committed a separate error as to his community control sanctions which would have deprived that court of the jurisdiction to impose the four-year term for his second violation. Petitioner does make the general argument that, when the Cuyahoga County trial court in the "sexual battery" case gave him the four-year term in March 2003, it exceeded the scope of its basic jurisdiction by modifying his original sentence. As to this point, we would reiterate that community control sanctions act as a substitute penalty for the prison term which could have been imposed for the charged offense. Since community control sanctions are viewed as a lenient penalty which allows a convict to reside in the local community instead of being confined in a prison, R.C. 2929.15(B) expressly provides that if a convict has violated a term of his community control sanctions, the trial court can sentence him to a jail term which is within the range of the term he could have originally been given for his offense. To this extent, when the Cuyahoga County trial court terminated the community control sanctions and imposed the four-year term, it was only requiring petitioner to serve the term which would have been originally warranted for sexual battery. Thus, because the Cuyahoga County trial court did not impose a "new" sentence when it ordered petitioner in March 2003 to serve a four-year term, this Court concludes that he has failed to assert in his habeas corpus petition a viable claim challenging the jurisdiction of that court to impose the four-year term.
 {¶ 17} As a general proposition, a writ of habeas corpus will issue only when the petitioner is entitled to be released immediately; therefore, a court in a habeas corpus proceeding is not required to address the merits of a jurisdictional argument when the resolution of that point will not result in his release.Seiger v. Seidner (1996), 74 Ohio St.3d 685, 687. In the instant action, it is not necessary for us to make a final ruling upon the propriety of petitioner's "post-release control" argument because: (1) his one hundred thirty-day term for violating his post-release control has already elapsed; and (2) his present incarceration is predicated solely upon the four-year term for violating his community control sanctions. Hence, since petitioner has not asserted any viable challenge to the authority of the Cuyahoga County trial court to impose that four-year sentence, he has failed to state any valid reason warranting his release from the Lake Erie Correctional Institution at this time.
 {¶ 18} In reviewing prior habeas corpus petitions, this court has indicated that, because a habeas corpus proceeding is considered civil in nature, such a petition can be dismissed under Civ.R. 12(B)(6) for failing to state a viable claim for relief. State ex rel. Peoples v. Warden of T.C.I., 11th Dist. No. 2003-T-0087, 2003-Ohio-4106. Under that rule, a petition will be subject to dismissal if "the nature of the allegations in the petition is such that, even when those allegations are construed in manner most favorable to the petitioner, he will not be able to prove any set of facts under which he would be entitled to the writ." Id., at ¶ 7. In addition, we have stated that, in applying the foregoing standard, a court can consider both the allegations in the petition itself and any materials attached to the petition. Brewer v. Gansheimer, 11th Dist. No. 2001-A-0045, 2001-Ohio-4305.
 {¶ 19} Pursuant to the foregoing analysis, this court concludes that the dismissal of petitioner's habeas corpus claim is warranted under Civ.R. 12(B)(6) because the materials attached to his petition show that his present incarceration is lawful. That is, his petition fails to state a proper claim for a writ because he has not asserted a viable challenge to the validity of his four-year sentence for violating the terms of his community control. Accordingly, respondent's motion to dismiss is hereby granted. It is the order of this court that petitioner's entire habeas corpus petition is dismissed.
Ford, P.J., Christley, J., Rice, J., concur.