OPINION
{¶ 1} This habeas corpus action is presently before this court for disposition of the motion to dismiss of respondent, Warden Bennie Kelly of the Trumbull Correctional Institution. As the primary basis for his motion, respondent contends that the sole claim of petitioner, David J. Pishok, fails to set forth a viable cause of action for a writ because the sufficiency of a criminal indictment cannot be challenged in the context of a habeas corpus proceeding. For the following reasons, this court concludes that the dismissal of *Page 2 
the instant matter is warranted.
 {¶ 2} Petitioner's current incarceration in the state penitentiary is based upon a 2002 criminal conviction in the court of common pleas of Seneca County, Ohio. At the outset of that underlying case, petitioner was indicted on nine separate felony charges. In addition, three of the primary charges contained specifications that petitioner was a repeat violent offender. Initially, petitioner entered a plea of not guilty to all nine counts. However, after the case had been pending for approximately four months, he entered a new plea of guilty as to seven of the nine charges. In exchange for this plea, the state dismissed the remaining two charges and each of the "repeat violent offender" specifications.
 {¶ 3} Of the seven remaining charges, the two most serious offenses consisted of aggravated robbery, a first-degree felony under R.C. 2911.01(A)(3), and complicity to robbery, a second-degree felony under R.C. 2911.02(A)(2) and R.C. 2923.03(A)(2). As to those offenses, the trial court sentenced petitioner to consecutive terms of nine and seven years respectively. In relation to the other five charges, the trial court imposed an additional consecutive term of five years, leading to an aggregate sentence of twenty-one years.
 {¶ 4} In bringing the instant action, petitioner sought his immediate release from prison on the grounds that his conviction for both aggravated robbery and complicity to robbery must be declared void. Specifically, he asserted in his petition that the Seneca County court did not have the requisite subject matter jurisdiction to go forward on those two offenses because he was never properly indicted for the crimes. According to him, the underlying indictment was flawed because, in attempting to delineate the crimes of *Page 3 
aggravated robbery and complicity to robbery, the document failed to cite the mens rea element of both offenses; thus, since no viable charges were ever brought concerning those crimes, the trial court never acquired the authority to proceed against him.
 {¶ 5} In now moving to dismiss the habeas corpus claim under Civ. R. 12(B)(6), respondent essentially argues that such a claim cannot be employed to litigate this type of issue. Citing Wilson v. Rogers (1993),68 Ohio St.3d 130, respondent submits that a dispute regarding the legal sufficiency of an indictment cannot form the basis of a viable habeas corpus claim because the dispute does not pertain to the jurisdiction of the trial court over the criminal case. He further contends that the writ will never lie under these circumstances because petitioner had the ability to raise the "sufficiency" issue as part of a direct appeal from the conviction.
 {¶ 6} In responding to the motion to dismiss, petitioner expressly challenges the legal propriety of respondent's contentions. That is, petitioner states that an insufficient indictment can affect a trial court's jurisdiction and render any ensuing conviction void. In support of this position, he relies upon the decision of the Supreme Court of Ohio in State v. Cimpritz (1953), 158 Ohio St. 490. As petitioner correctly notes, paragraph six of the Cimpritz syllabus provides:
 {¶ 7} "A judgment of conviction based upon an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding."
 {¶ 8} Given the relative clarity of the foregoing language, it is certainly arguable that, at the time of its issuance, theCimpritz opinion stood for the basic proposition that *Page 4 
a habeas corpus action could be used to contest the sufficiency of an indictment after the entry of the conviction. Nevertheless, our review of subsequent decisions indicates that the Supreme Court has expressly limited the application of Cimpritz. For example, in State v.Wozniak (1961), 172 Ohio St. 517, the primary question before the Supreme Court concerned whether the trial court had erred in allowing the prosecution to amend the indictment at trial to add missing elements. Upon concluding that the amendment of the charges had been improper, the Wozniak court then addressed the separate issue of whether the defect in the indictment had been waived. As part of this discussion, the court quoted its prior language in Cimpritz as to the use of a collateral action to contest the sufficiency of an indictment. Although the Wozniak court upheld the general validity of theCimpritz holding, the court specifically stated that the use of a collateral action would not be permitted in all instances:
 {¶ 9} "However, after a judgment of conviction for the crime sought to be charged in such indictment, such a collateral attack would no longer be effective because the judgment of conviction necessarily binds a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter,i.e., jurisdiction to try the defendant for the crime for which he was convicted. Such a judgment of conviction is necessarily binding as between the state and the defendant and can only be set aside by a direct and not a collateral attack." Id. at 522-523.
 {¶ 10} Under Wozniak, a collateral proceeding, such as a habeas corpus action, can only be employed to challenge the propriety of an indictment when the underlying criminal case still remains pending. However, once the conviction has been entered the *Page 5 
indictment can no longer be subject to a collateral attack. Instead, the defendant's sole remedy is to raise the issue as part of his direct appeal.
 {¶ 11} Notwithstanding the Wozniak precedent, defendants have still tried to rely upon Cimpritz to justify the filing of a habeas corpus action following the completion of the criminal case. In Midling v.Perrini (1968), 14 Ohio St.2d 106, the defendant argued that a collateral attack was still permissible after conviction because theCimpritz court had stated that a judgment of conviction must be declared void if it is predicated upon an insufficient indictment. CitingWozniak, the Midling court indicated that the use of the word "void" inCimpritz had been inappropriate; instead, the prior opinion should have stated that an insufficient indictment only renders a judgment of conviction voidable. Id., at 107. Based upon this, the Midling court expressly held that a post-conviction habeas corpus action was not a proper means for seeking relief from a defective indictment:
 {¶ 12} "Where a defendant, while represented by counsel, pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense. Evans v. Sacks,173 Ohio St. 116; Mills v. Maxwell, 174 Ohio St. 523; Perry v. Maxwell,175 Ohio St. 369, approved and followed. Paragraph six of the syllabus ofState v. Cimpritz, 158, Ohio St. 490, explained and distinguished." Id., at syllabus.
 {¶ 13} Even though the Wozniak and Midling precedent was rendered over forty years ago, the basic holding of those cases is still followed. Under that precedent, even if the underlying indictment was defective for failing to state all essential elements of a charged crime, the resulting conviction is still binding upon the defendant and cannot be subject to collateral attack when: (1) the trial court had jurisdiction over the defendant's *Page 6 
person; and (2) the trial court had subject matter jurisdiction to try the defendant for the crime upon which the conviction is based.Hammond v. Dallman (1992), 63 Ohio St.3d 666, 667-668. Under such circumstances, the legal sufficiency of an indictment can be litigated only in a direct appeal from the conviction. State ex rel. Beaucamp v.Lazaroff (1997), 77 Ohio St.3d 237, 238.
 {¶ 14} In light of the foregoing legal analysis, petitioner's reliance upon Cimpritz is simply misplaced. Pursuant to the more recent Supreme Court case law, a defect in an indictment's statement of the elements of a charged offense does not constitute a jurisdictional error which can form the basis of a viable claim in habeas corpus.
 {¶ 15} A review of the pleadings in the instant matter readily shows that petitioner has not made any allegation concerning a lack of service of the indictment upon him; as a result, there is no dispute that the Seneca County trial court had personal jurisdiction over him. Similarly, petitioner has not disputed the fact that, as a common pleas court, the Seneca County court had subject matter jurisdiction to try him for the felony crimes of aggravated robbery and complicity to robbery. See R.C. 2931.03. Furthermore, consistent with the Midling precedent, this court would note that the documents accompanying the habeas corpus petition establish that petitioner was represented by counsel when he entered his plea of guilty to those two offenses. Thus, the merits of petitioner's contention regarding the legal propriety of the underlying indictment cannot be addressed in the context of the instant proceeding.
 {¶ 16} As this court has indicated on numerous prior opinions, a claim in habeas corpus can be subject to dismissal under Civ. R. 12(B)(6) because such a proceeding is viewed as civil in nature. See, e.g.,Novak v. Ganshieimer, 11th Dist. No. 2003-A-0023, *Page 7 2003-Ohio-5428, at ¶ 16. Pursuant to that rule, the dismissal of a claim is justified when "the nature of the allegations in the petition is such that, even when those allegations are construed in a manner most favorable to the petitioner, he will not be able to prove any set of facts under which he would be entitled to the writ." State ex rel.Peoples v. Warden of T.C.I., 11th Dist. No. 2003-T-0087, 2003-Ohio-4106, at ¶ 7. We have further indicated that the decision to dismiss under Civ. R. 12(B)(6) can be predicated upon the petitioner's factual assertions and any materials attached to his petition. Strzala v.Gansheimer, 11th Dist. No. 2004-A-0049, 2004-Ohio-6472, at ¶ 18.
 {¶ 17} Upon fully reviewing the factual allegations and attached materials in the instant action, this court concludes that petitioner has failed to state a viable claim for a writ of habeas corpus. Since petitioner has only sought to contest the sufficiency of the indictment in the underlying criminal case, he has not raised a proper challenge to the jurisdiction of the Seneca County trial court. In turn, this means that the actual merits of the "indictment" issue could only be considered in a direct appeal from his conviction.
 {¶ 18} In light of the foregoing legal discussion, respondent's motion to dismiss the habeas corpus claim is granted. It is the order of this court that petitioner's habeas corpus petition is hereby dismissed in its entirety.
DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1