[Cite as *State v. Wilson*, 2014-Ohio-2014.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-L-075** |
| - vs - | : | |
| ORLANDO WILSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000427.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker,* 38109 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Orlando Wilson, appeals the judgment of the Lake County Court of Common Pleas, convicting him of Grand Theft and Safecracking, following his entry of a guilty plea. The issue to be determined by this court is whether an error occurred when the transcript did not properly reflect the statement of the trial court but was subsequently corrected. For the following reasons, we affirm the judgment of the court below.

{¶2} On August 27, 2012, the Lake County Grand Jury issued an Indictment, charging Wilson with two counts of Grand Theft, felonies of the fourth degree, in violation of R.C. 2913.02(A)(1), two counts of Safecracking, felonies of the fourth degree, in violation of R.C. 2911.31, and two counts of Receiving Stolen Property, felonies of the fourth degree, in violation of R.C. 2913.51(A).

{¶3} On January 11, 2013, a Written Plea of Guilty was filed, in which Wilson pled guilty to two counts of Grand Theft and one count of Safecracking. A Judgment Entry was filed on the same date, accepting the plea and entering a Nolle Prosequi on the remaining counts of the Indictment.

{¶4} A sentencing hearing was held on July 9, 2013, at which the court denied Wilson's request to withdraw his plea. A Judgment Entry of Sentence was filed on July 12, 2013, sentencing Wilson to a total prison term of 30 months.

{¶5} Wilson filed his Notice of Appeal on August 12, 2013. Subsequent to the filing of the record and Wilson's appellate brief, on January 6, 2014, the State filed a Motion for Correction or Modification of the Record Pursuant to App.R. 9(E), noting that there was a misstatement in the transcript that should be corrected. Attached was an affidavit of the court reporter, stating that she had reviewed the filed transcript of the change of plea hearing and recognized that "transcript page 38 contains a misstatement of what was said on the record in open court at Appellant's change of plea hearing. Specifically, transcript page 38, line 23, states '$500.00,' however the notes and audio from the hearing indicate the number should read '$7,500.00.'" On January 21, 2014, this court issued a Magistrate's Order, granting the Motion and ordering that "[p]age 38

of the transcript of proceedings shall be corrected and substituted for the misstated page 38 of the transcript of proceedings."

{¶6} On appeal, Wilson raises the following assignment of error:

{¶7} "Appellant's guilty plea was not knowingly, intelligently, and voluntarily entered when he was incorrectly advised of the nature of the charges against him."

{¶8} Wilson argues that his plea was not knowingly and intelligently given, based solely on the fact that the trial court improperly advised him that the State must prove the value of the property stolen is "more than $500" rather than more than $7,500, which is a required element for the offense of Grand Theft. R.C. 2913.02(B)(2) ("[i]f the value of the property or services stolen is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, a violation of this section is grand theft, a felony of the fourth degree").

{¶9} The State argues that there is no error, given that the $500 amount initially included in the transcript was due to a "clerical error" that has been corrected.

{¶10} Page 38 of the transcript did initially state that Wilson was advised by the trial court that the State had to prove, beyond a reasonable doubt, that the stolen property value, for the purposes of the Grand Theft conviction, exceeded $500. However, following an inquiry by the State, the court reporter filed an affidavit with this court, explaining that this was a mistake and that the notes and audio of the plea hearing indicated that the court actually stated that the value must be more than $7,500.[1]

---

1. While the trial court stated that the amount must be "more than $7,500," in other references it states that the value of the property stolen was "$7,500 or more." As discussed above, for a Grand Theft conviction, the property stolen must be worth "seven thousand five hundred dollars *or more*." (Emphasis added). R.C. 2913.02(B)(2). This issue is not raised by Wilson, nor can we find any reason why this would cause any prejudice or harm to Wilson's ability to enter his plea knowingly and voluntarily.

{¶11} Pursuant to Ohio App.R. 9(E), "[i]f anything material to either party is omitted from the record by error or accident or is misstated, * * * the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted." Upon the State's Motion, this court granted the request for the corrected page of the transcript to be filed, through its Magistrate's Order.

{¶12} There is no basis in the record for finding that the transcript with this correction is inaccurate. Defense counsel has not objected or otherwise responded to the amendment of the transcript. He does not allege that the events that occurred at the hearing are not accurately reflected in the amended transcript. The corrected advisement regarding the $7,500 is also consistent with separate statements reflected in the transcript, in which the trial court advised Wilson that the State must prove the value of the property to be $7,500 or more.

{¶13} Since a review of the record, including the court reporter's affidavit, reveals that Wilson was advised of the proper amount the State was required to prove at trial, no error was made by the trial court on the sole issue raised. *See State v. Babers*, 3rd Dist. Seneca No. 13-91-55, 1992 Ohio App. LEXIS 2817, 6 (June 4, 1992) (finding no merit in appellant's assignment of error, since it was based on a mistake in the transcript that was properly corrected). This renders any potential error that could be caused by an improper advisement of the property value moot.

{¶14} The sole assignment of error is without merit.

4

{¶15} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, convicting Wilson of Grand Theft and Safecracking, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.