[Cite as *State v. Camara*, 2015-Ohio-3802.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.    L-14-1159
                                                                              L-14-1160
          Appellee

                                                       Trial Court No. CR0200401890
v.                                                                     CR0200401972

Robert J. Camara                                       **DECISION AND JUDGMENT**

          Appellant                                    Decided:  September 18, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evby Jarrett, Assistant Prosecuting Attorney, for appellee.

Robert J. Camara, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Robert Camara, appeals the judgment of the Lucas County Court

of Common Pleas, denying his petition for postconviction relief.  For the following

reasons, we affirm.

{¶ 2} In 2004, in three separate cases in Lucas County, appellant was indicted on a total of ten felony offenses. On July 15, 2004, appellant resolved the charges against him by pleading guilty to two counts of aggravated robbery, felonies of the first degree, and by pleading guilty pursuant to *North Carolina v. Alford* to two counts of robbery, felonies of the second degree. The trial court ordered appellant to serve the sentences in each case consecutively for a total prison term of 14 years. In addition, the trial court found that appellant was on post-release control at the time of the offenses from two convictions out of Marion County, and ordered appellant to serve the remaining 892 days of post-release control consecutive to the 14 years. Appellant did not file a direct appeal from his conviction.

{¶ 3} On June 15, 2006, appellant filed a petition to vacate or set aside his conviction, in which he alleged that he was denied the effective assistance of counsel and that his guilty plea was coerced. The trial court denied this petition on January 12, 2007. In support of its decision, the trial court reasoned (1) that the petition was untimely under R.C. 2953.21; (2) that even if the petition was timely, it was barred by res judicata because appellant could have raised the issues on direct appeal; and (3) that even if the petition was not barred by res judicata, it was without merit as the record and evidence demonstrated that trial counsel was not ineffective and that appellant was not coerced into accepting the plea offer. Appellant did not appeal the trial court's January 12, 2007 judgment entry.

2.

**{¶ 4}** Seven years later, on March 27, 2014, appellant filed a second "motion to vacate judgment and/or sentence." In his motion, appellant presented four claims. First, he claimed that the 2004 indictments were defective because they alleged multiple, identical, and undifferentiated counts in violation of the double jeopardy and due process clauses of the United States and Ohio constitutions. Second, appellant claimed that the original imposition of post-release control—the post-release control he was under at the time he committed the 2004 felonies—was contrary to law, thus his 892-day sentence for violation of the terms of post-release control was void. Third, appellant claimed that the judgment of conviction did not comply with Crim.R. 32(C); therefore, no final appealable order exists. Finally, appellant claimed that he received ineffective assistance of counsel for failing to recognize the defective indictment and improperly imposed post-release control.

**{¶ 5}** On June 24, 2014, the trial court, in a detailed and thorough 47-page decision, denied appellant's "motion to vacate judgment and/or sentence."

### Assignments of Error

**{¶ 6}** Appellant has timely appealed the trial court's June 24, 2014 judgment, asserting four assignments of error for our review:

> ASSIGNMENT OF ERROR NUMBER ONE:
>
> THE DEFENDANT'S INDICTMENTS ARE FATALLY
>
> DEFECTIVE BECAUSE THEY ALLEGE MULTIPLE, IDENTICAL,
>
> AND UNDIFFERENTIATED COUNTS IN VIOLATION OF THE

3.

DOUBLE JEOPARDY AND DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS

ASSIGNMENT OF ERROR NUMBER TWO:

THE DEFENDANT'S TERM OF POST-RELEASE CONTROL FOR CASE NUMBERS 02-CR-204 AND 02-CR-262 WAS CONTRARY TO LAW, THUS THE 892 DAY TERM OF IMPRISONMENT IMPOSED FOR VIOLATION OF SAID POST-RELEASE CONTROL IS VOID AND MUST BE VACATED AS IT VIOLATES THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.

ASSIGNMENT OF ERROR NUMBER THREE:

THE DEFENDANT'S JUDGMENT OF CONVICTION DOES NOT COMPLY WITH CRIM R. 32(C), THUS THERE IS NO FINAL APPEALABLE ORDER, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.

ASSIGNMENT OF ERROR NUMBER FOUR:

THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES, AS WELL AS COMPARABLE PROVISIONS UNDER THE OHIO CONSTITUTION.

4.

**Analysis**

**{¶ 7}** At the outset, we note that appellant's March 27, 2014 motion attempts to vacate his conviction on the basis that his constitutional rights had been violated. The Ohio Supreme Court has held that such a motion is properly regarded as a petition for postconviction relief as defined in R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). "Therefore, a petitioner receives no more rights than those granted by the statute." *Id.* "[I]n the interest of providing finality to judgments of conviction, courts construe the post-conviction relief allowed under R.C. 2953.21(A)(1) narrowly." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 47.

**{¶ 8}** "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion." *Id.* at ¶ 58. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 9}** R.C. 2953.21(A)(1)(a) provides,

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United

States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 10} When appellant filed his motion, the time for filing a petition under R.C. 2953.21(A)(1)(a) was 180 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2).[1] That time limit is excused if (1) "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, [after the 180-day time limit], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right," and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1).

{¶ 11} "A trial court has no jurisdiction to consider an untimely petition for postconviction relief unless the untimeliness is excused under R.C. 2953.23(A)(1)." *State v. Guevara*, 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8. Here, appellant's motion was filed nearly ten years after his conviction, well outside of the time limit set forth in R.C. 2953.21(A)(2). Further, the matters contained in the motion were in existence and would have reasonably been known to appellant at the time of his

---

[1] Effective March, 20, 2015, R.C. 2953.21(A)(2) was amended to expand the time for filing to 365 days after the expiration of the time for filing the appeal.

6.

conviction such that he cannot show that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief." Therefore, because his petition was untimely, we hold that the trial court did not abuse its discretion in denying appellant's March 27, 2014 "motion to vacate judgment and/or sentence."

{¶ 12} Appellant, in his first three assignments of error, attempts to avoid the consequences of an untimely postconviction petition by arguing that the alleged errors render his conviction void, thus liberating his arguments from the time constraints of R.C. 2953.21(A)(2) and 2953.23(A)(1) and the application of res judicata.

{¶ 13} In his first assignment of error, appellant contends that the 2004 indictments were fatally defective, and thus are null and void. In support, appellant cites *State v. Cimpritz*, 158 Ohio St. 490, 110 N.E.2d 416 (1953), paragraph six of the syllabus, in which the Ohio Supreme Court stated "A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." However, the Ohio Supreme Court later clarified,

> In reliance upon paragraph six of the syllabus in *State v. Cimpritz* (1953), 158 Ohio St. 490, 110 N.E.2d 416, petitioner then contends that a judgment of conviction based upon [an indictment that does not charge an offense] is void and may be attacked in a collateral proceeding. There are words in that paragraph of the syllabus which so state. However, the Cimpritz case involved a direct appeal from the judgment of conviction and

7.

not a collateral attack on such a judgment. Hence, it would have been sufficient to use the word 'voidable' instead of 'void' in that paragraph of the syllabus. Also, no question with respect to a collateral attack was involved in the case, so that any statement with respect thereto may be disregarded. This was pointed out in the opinion of *State v. Wozniak* (1961), 172 Ohio St. 517, 522, 178 N.E.2d 800.

This court has previously held that, *where a defendant while represented by counsel pleads guilty to an offense and is sentenced, the judgment of conviction cannot be collaterally attacked on the ground that the indictment fails to state one or more essential elements of the offense. * * * Such an indictment can only be attacked directly on appeal.* (Internal citations deleted; Emphasis added.) *Midling v. Perrini*, 14 Ohio St.2d 106, 107, 236 N.E.2d 557 (1968).

Therefore, we hold that appellant's conviction is not void, and he is barred from challenging the sufficiency of the indictments in his postconviction petition.

{¶ 14} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 15} In his second assignment of error, appellant contends that his 892-day sentence for violating the terms of his post-release control was void because the Marion County Court of Common Pleas improperly imposed the post-release control. Appellant argues, and the trial court correctly recognized, that this issue is not barred by the time constraints of R.C. 2953.21(A)(2) and 2953.23(A)(1) or res judicata. *See State v.*

8.

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus ("A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack."); *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, syllabus ("When a criminal defendant is improperly sentenced to postrelease control, res judicata does not bar the defendant from collaterally attacking his conviction for escape due to an earlier postrelease-control sentencing error.").

{¶ 16} Nevertheless, appellant has not demonstrated that post-release control was improperly imposed by the Marion County Court of Common Pleas. In the Marion County cases, appellant was convicted of escape, a non-violent felony of the third degree, and aggravated assault, a felony of the fourth degree. Pursuant to R.C. 2967.28(C) appellant was subject to a period of post-release control of "up to three years after the offender's release from imprisonment" for those convictions. In support of his motion, appellant attached a copy of the sentencing entry from his aggravated assault conviction. The sentencing entry stated,

> The defendant may be subject to a period of three (3) years of post release control by the parole board.
>
> During any period of post release control, the defendant will be under the supervision of the Adult Parole Authority which will require the defendant to comply with one or more post release control sanction [sic],

9.

and may increase the duration, or period, of the post release control subject to a statutory maximum. The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term imposed for all violations during the period of post release control cannot exceed one-half of the stated prison term originally imposed. If the violation of the post release control sanction is a felony, the defendant may be prosecuted for the new felony and, in addition to any sentence the court imposes for the new felony, the court may also impose a prison term for the violation, subject to a statutory maximum.

{¶ 17} Here, the trial court's use of the phrase "may be subject to" properly reflects that post-release control was discretionary, not mandatory. *See Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 51 (identical sentencing entry refers to discretionary instead of mandatory post-release control). Furthermore, appellant's argument that the entry does not inform him that he may be subject to less than three years or even no post-release control is without merit as the phrase "may be subject to" necessarily conveys the concept that Adult Parole Authority may decide *not* to subject him to post-release control. Therefore, we hold that the trial court did not err when it found that post-release control was properly imposed by the Marion County Court of Common Pleas.

10.

**{¶ 18}** Accordingly, appellant's second assignment of error is not well-taken.

**{¶ 19}** In his third assignment of error, appellant argues that the trial court's original sentencing entry was void because it failed to include the manner of his conviction in accordance with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. However, we find this assignment of error to be without merit because on June 23, 2014, the trial court entered nunc pro tunc entries clarifying that appellant was convicted pursuant to guilty pleas. Notwithstanding appellant's protestations to the contrary, "the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2. "A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph two of the syllabus.

**{¶ 20}** Accordingly, appellant's third assignment of error is not well-taken.

**{¶ 21}** Finally, in his fourth assignment of error, appellant argues that he received ineffective assistance of counsel at trial. Appellant does not argue that the alleged ineffective assistance has rendered his conviction void, thereby avoiding the time limits in R.C. 2953.21(A)(2) and 2953.23(A)(1) and the doctrine of res judicata. In addition, it is patently clear that his allegations of failure to notice the allegedly defective indictments or imposition of post-release control were known to him, or reasonably should have been

11.

known to him, at the time of his conviction such that his claim is both untimely and barred by res judicata. *See* R.C. 2953.23(A)(1)(a) (appellant must demonstrate he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief"); *see also State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967) ("Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.").

{¶ 22} Accordingly, appellant's fourth assignment of error is not well-taken.

{¶ 23} For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                        _____
                                                       JUDGE

Thomas J. Osowik, J.             

                                         _____

Stephen A. Yarbrough, P.J.                                         JUDGE
CONCUR.

                                         _____
                                                       JUDGE

12.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.