[Cite as *State v. Wilson*, 2015-Ohio-5465.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **PER CURIAM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-067** |
| ORLANDO WILSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000427.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Orlando Wilson,* Pro se, PID# A642-635, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Defendant-Appellant).

PER CURIAM

{¶1} Defendant-appellant, Orlando Wilson, appeals from the Judgment Entry of the Lake County Court of Common Pleas, denying his Notice of Plain Error Pursuant to Cr.R. 52(B). The issue to be determined by this court is whether alleged sentencing errors raised subsequent to a direct appeal are barred by res judicata. For the following reasons, we affirm the judgment of the court below.

{¶2} On August 27, 2012, the Lake County Grand Jury issued an Indictment, charging Wilson with two counts of Grand Theft, felonies of the fourth degree, in

violation of R.C. 2913.02(A)(1); two counts of Safecracking, felonies of the fourth degree, in violation of R.C. 2911.31; and two counts of Receiving Stolen Property, felonies of the fourth degree, in violation of R.C. 2913.51(A).

{¶3} On January 11, 2013, Wilson entered a Written Plea of Guilty to two counts of Grand Theft and one count of Safecracking. A Judgment Entry was filed on the same date, accepting the plea and entering a Nolle Prosequi on the remaining counts.

{¶4} A sentencing hearing was held on July 9, 2013, at which the court denied Wilson's request to withdraw his plea. A Judgment Entry of Sentence was filed on July 12, 2013, ordering Wilson to serve a prison term of 30 months, to be served consecutively with a sentence in Cuyahoga Case No. CR-12-568655.

{¶5} Wilson appealed to this court, arguing that his plea was not given knowingly, intelligently, and voluntarily. His conviction was affirmed in *State v. Wilson*, 11th Dist. Lake No. 2013-L-075, 2014-Ohio-2014.

{¶6} On January 14, 2015, Wilson filed a Notice of Plain Error Pursuant to Cr.R. 52(B) in the trial court, in which he argued that various sentencing errors had been committed. The State filed a Response on January 16, 2015, asserting that these claims were barred by the doctrine of res judicata and could have been raised on direct appeal. Wilson filed a Reply on January 30, 2015.

{¶7} The trial court issued a Judgment Entry on May 19, 2015, denying Wilson's Notice of Plain Error.

{¶8} Wilson timely appeals and raises the following assignments of error:

{¶9} "[1.] The trial court abused its discretion in denying appellant's Cr.R. 52(B) notice of plain error where the sentence consisted of allied offenses.

2

{¶10} "[2.] The sentence is void where the trial court had no statutory authority to impose consecutive sentences in Case No. 12-CR-000427 (Lake County) and Case No. CR-12-568655 (Cuyahoga County).

{¶11} "[3.] The sentence is void where the trial court failed to make the statutorily required findings pursuant to O.R.C. 2929.14(C)(4) prior to imposing consecutive sentences in Case No. 12-CR-000427 and Case No. CR-12-568655."

{¶12} Wilson's assignments of error will be considered jointly, as the analysis on these issues is interrelated. First, Wilson contends that the trial court erred in failing to merge certain offenses prior to sentencing.

{¶13} This argument is barred by the doctrine of res judicata. "[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Hobbs*, 11th Dist. Lake No. 2010-L-064, 2011-Ohio-1298, ¶ 39, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996).

{¶14} "This court has continually held that when an appellant does not raise the issue of allied offenses of similar import in a timely direct appeal, the challenge is barred by the doctrine of res judicata. This is also the law throughout Ohio." *State v. Cline*, 11th Dist. Geauga No. 2012-G-3101, 2013-Ohio-1843, ¶ 15; *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096, ¶ 17, citing *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10-11 ("'allied-offense claims are nonjurisdictional,' and, thus, barred by the doctrine of res judicata where they were

3

raised, or could have been raised, on direct appeal"); *State v. Cioffi*, 11th Dist. Trumbull Nos. 2011-T-0072 & 2011-T-0073, 2012-Ohio-299, ¶ 14.

**{¶15}** Wilson pursued a direct appeal before this court where he failed to raise the issue of allied offenses. This argument is now barred by the doctrine of res judicata and we will not consider its merits.

**{¶16}** Wilson also argues that the trial court erred in ordering him to serve his sentence consecutive with a sentence in a separate Cuyahoga County conviction and in failing to consider the appropriate factors for consecutive sentencing. To avoid the application of the doctrine of res judicata, Wilson argues that the alleged errors rendered his sentence void.

**{¶17}** A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Britta*, 2011-Ohio-6096, at ¶ 14, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. "[P]rinciples of res judicata do not apply to void sentences because, by definition, a void sentence means that no final judgment of conviction has been announced." (Citation omitted.) *State v. Wells*, 11th Dist. Ashtabula No. 2013-A-0014, 2013-Ohio-5821, ¶ 31. In contrast, "a voidable judgment is one rendered by a court that has both jurisdiction and authority to act," but is "invalid, irregular, or erroneous." *Cioffi*, 2012-Ohio-299, at ¶ 12, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12.

**{¶18}** It has generally been held that sentencing errors do not render a judgment void because they have no effect upon the trial court's jurisdiction. *Fischer* at ¶ 7. The exception to this rule, which is applied in limited circumstances, is that "a sentence that does not contain a statutorily mandated term is a void sentence." *Simpkins* at ¶14;

4

*State v. Brown*, 7th Dist. Mahoning No. 14 MA 37, 2014-Ohio-5832, ¶ 31 (the void sentence "exception [to the doctrine of res judicata] is very limited and has been applied sparingly"). Such is not the case here, where there was no mandatory sentence required but, rather, an issue related to the consecutive nature of the sentences.

{¶19} Alleged errors in consecutive sentencing do not render a sentence void. The Supreme Court "has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute." *State v. Butcher*, 4th Dist. Meigs No. 14CA7, 2015-Ohio-4249, ¶ 27; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.2d 382, ¶ 8 (challenges to consecutive sentences must be brought on direct appeal).

{¶20} While Wilson is correct that a void sentence can be challenged at any time, this type of case does not include the limited circumstances under which sentences have been declared void and, instead, sets forth an error that the Supreme Court has specifically found must be raised on direct appeal. Thus, the consecutive sentencing issues raised by Wilson are also barred by the doctrine of res judicata.

{¶21} Wilson's first, second, and third assignments of error are without merit.

{¶22} For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, denying Wilson's Notice of Plain Error Pursuant to Cr.R. 52(B), is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.

5