[Cite as *State v. Arega*, 2018-Ohio-3137.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                          :

      Plaintiff-Appellee,          :

                               No. 17AP-909
v.                                      :          (C.P.C. No. 11CR-1145)

Tizazu F. Arega,                        :          (ACCELERATED CALENDAR)

      Defendant-Appellant.         :

---

D E C I S I O N

Rendered on August 7, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Tizazu F. Arega*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Tizazu F. Arega, appeals a judgment of the Franklin County Court of Common Pleas that denied his motion to vacate his conviction. For the following reasons, we affirm that judgment.

{¶ 2} On March 1, 2011, a grand jury indicted Arega on two counts of rape, violations of R.C. 2907.02, and one count of sexual battery, a violation of R.C. 2907.03. After a trial, a jury found Arega guilty of Count 1 of the indictment, rape by vaginal penetration, as well as Count 3, sexual battery. The jury found Arega not guilty of Count 2 of the indictment, rape by anal penetration. In the March 2, 2012 sentencing entry, the trial court merged Count 3 with Count 1 and sentenced Arega to nine years' incarceration for Count 1.

{¶ 3}    Arega appealed his convictions to this court.  We affirmed Arega's rape conviction, but reversed the conviction for sexual battery.  *State v. Arega*, 10th Dist. No. 12AP-263, 2012-Ohio-5774, ¶ 31.  On remand, the trial court entered a judgment of acquittal on the sexual battery charge.

{¶ 4}    Subsequently, Arega has filed multiple postconviction motions with the trial court.[1]  This appeal concerns his November 2, 2017 motion, entitled "Motion to Vacate a Void Judgment for Lack of Jurisdiction and Contrary to Crim.[R.] 7(A) and R.C. 2941.021 and Not Authorized by Law, Request for Evidentiary Hearing, Issue Finding[s] of Facts and Conclusions of Law under R.C. 2953.21 and Issue or Order Clerk of Court to Issue a Final, Appealable Order under Cri[m.R.] 32(C) and S Ct. Pra. R. [sic] 12.04."  The trial court denied that motion in a judgment entry dated December 11, 2017.

{¶ 5}    Arega now appeals the December 11, 2017 judgment, and he assigns the following errors:

> [1.] THE TRIAL COURT ERRED BY FAILING TO ALLOW AN EVIDENTIARY HEARING WHEN NO OPPOSING EVIDENCE WAS PRESENTED TO CONTRADICT THE FACT AND CONCLUSION OF LAW PERTAINING TO APPELLANT'S MOTION TO VACATE A VOID JUDGMENT FOR LACK OF JURISDICTION AND CONTRARY TO LAW UNDER CRIM.R. 7(A) AND AND [sic] R.C. 2941.021 AND NOT AUTHORIZED BY LAW.
>
> [2.] THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AND LIBERTY INTEREST AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO VACATE A VOID JUDGMENT FOR LACK OF JURISDICTION AND CONTRARY TO CRIM.R. 7(A) AND R.C. 2941.021 AND NOT AUTHORIZED BY LAW.

{¶ 6}    We will address Arega's second assignment of error first.  By that assignment of error, Arega argues that his conviction is void because the trial court lacked subject-

---

[1] Arega has appealed some of the trial court's rulings on his postconviction motions to this court.  *See State v. Arega*, 10th Dist. No. 17AP-112, 2017-Ohio-5610; *State v. Arega*, 10th Dist. No. 16AP-455, 2016-Ohio-8074.

matter jurisdiction when it entered judgment against him, and consequently, the trial court erred in not vacating the conviction. According to Arega, the trial court did not possess subject-matter jurisdiction due to two defects in the indictment: (1) the indictment did not charge him with the rape offense the jury found him guilty of committing, and (2) the indictment failed to state the specific sexual conduct by which he committed rape.

{¶ 7} The State urges this court to treat Arega's motion as a petition for postconviction relief filed pursuant to R.C. 2953.21. However, in his motion, Arega denied that he filed such a petition. Arega instead asserted that his motion invoked the trial court's inherent power to vacate a void judgment.

{¶ 8} As Arega correctly points out, a judgment rendered by a court lacking subject-matter jurisdiction is void. *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus. Because a void judgment is a nullity and may be challenged at any time, the doctrine of res judicata cannot defeat an attack on a void judgment. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, paragraph two of the syllabus, ¶ 46; *State v. Wilson*, 73 Ohio St.3d 40, 45 (1995), fn. 6. A court has the inherent authority to vacate its own void judgments. *Lingo* at ¶ 48, paragraph three of the syllabus.

{¶ 9} Here, Arega contends that the trial court lacked subject-matter jurisdiction, which rendered the judgment of conviction void, because the indictment did not sufficiently state the charges against him. However, "[t]he question of the sufficiency of the indictment does not relate to the jurisdiction of the court to try [a defendant] for the crime for which he was convicted." *Chapman v. Jago*, 48 Ohio St.2d 51 (1976). "The manner by which an accused is charged with a crime is procedural rather than jurisdictional." *Orr v. Mack*, 83 Ohio St.3d 429, 430 (1998).[2] Consequently, the alleged insufficiency of the indictment could not deprive the trial court of subject-matter jurisdiction. The judgment of conviction, therefore, is not void, and the trial court did not err in refusing to vacate it for voidness.

{¶ 10} Additionally, given the failure of Arega's voidness argument, there is no bar to the application of res judicata to Arega's motion. Under the doctrine of res judicata, a

---

[2] Arega cites *State v. Cimpritz*, 158 Ohio St. 490 (1953), for the proposition that a trial court lacks subject-matter jurisdiction without an effective indictment. However, it appears that the Supreme Court of Ohio has abrogated the portion of *Cimpritz* that held that a judgment of conviction based on an indictment that does not charge an offense is void for lack of jurisdiction. *Midling v. Perrini*, 14 Ohio St.2d 106, 107 (1968); *accord State v. Camara*, 6th Dist. No. L-14-1159, 2015-Ohio-3802, ¶ 13; *State v. Batich*, 11th Dist. No. 2006-A-0031, 2007-Ohio-2305, ¶ 24-25.

defendant cannot raise an issue in a postconviction motion that he raised or could have raised at trial or on direct appeal. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. Here, Arega could have raised his challenges to the indictment prior to the entry of the judgment of conviction or on direct appeal. Consequently, the doctrine of res judicata bars him from asserting those challenges now.

{¶ 11} Finally, Arega's attack on the indictment has no merit. The sufficiency of an indictment is subject to the requirements of Crim.R. 7 and the constitutional protections of the United States and Ohio Constitutions. *State v. Childs*, 88 Ohio St.3d 558, 564 (2000). These provisions guarantee an accused that the indictment will include the essential facts constituting the offense for which he is tried. *State v. Jackson*, 134 Ohio St.3d 184, 2012-Ohio-5561, ¶ 12. Here, Count 1 of indictment against Arega stated:

> The Jurors of the Grand Jury of the State of Ohio, duly selected, impaneled, sworn, and charged to inquire of crimes and offenses committed within the body of Franklin County, in the State of Ohio, upon their oath do find and present that <u>Tizazu Fekadu Arega</u> late of said County, on or about the 1st day of September in the year of our Lord, 2010, within the County of Franklin aforesaid, in violation of Section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal penetration, with [N.B.], not his spouse, and the said Tizazu Fekadu Arega having purposely compelled [N.B.] to submit by force or threat of force.

(Mar. 1, 2011 Indictment.) This count tracks the language of R.C. 2907.02(A)(2), thus satisfying the requirements of an indictment. *See Jackson* at ¶ 14, quoting *State v. Childs*, 88 Ohio St.3d 194, 199 (2000) (" 'Generally, the requirements of an indictment may be met by reciting the language of the criminal statute.' ").

{¶ 12} Arega argues that the indictment is insufficient because he was charged with rape in violation of R.C. 2907.02(A)(2), but tried and convicted of rape in violation R.C. 2907.02(A)(1)(c). The transcript and the signed verdict form belie this argument. The jury was instructed on the elements of the offense of rape as charged in Count 1 and found Arega guilty of rape as charged in Count 1. (Tr. at 247, 294-95; Feb. 3, 2012 Verdict Form for Count One.) The instruction to the jury, based on R.C. 2907.02(C), that "[t]he state need

not prove that the victim physically resisted" did not alter the elements of the rape offense on which Arega was charged, tried, and convicted.  (Tr. at 247-48.)

{¶ 13} Arega also argues that Count 1 of the indictment failed to specify the sexual conduct he committed.  We reject that argument.  Count 1 of the indictment explicitly alleged that Arega raped N.B. by "vaginal penetration."  (Mar. 1, 2011 Indictment.)

{¶ 14} Because the judgment of conviction is not void and Arega's arguments are barred by res judicata and lack any merit, the trial court did not err in denying Arega's motion to vacate.  Accordingly, we overrule Arega's second assignment of error.

{¶ 15} By Arega's first assignment of error, he argues that the trial court erred in refusing him a hearing on his motion.  As a general rule, in the absence of a specific requirement to the contrary, a decision on whether to hold a hearing on a motion is a matter entrusted to the sound discretion of the trial court.  *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 56.  Here, because no statute or rule required the trial court to hold a hearing, the trial court exercised its discretion in deciding to forgo a hearing.  We find no abuse of discretion in that decision.  Accordingly, we overrule Arega's first assignment of error.

{¶ 16} For the foregoing reasons, we overrule Arega's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

––––––––––––