[Cite as *State v. Butcher*, 2019-Ohio-3728.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-P-0005** |
| - vs - | : | |
| DONTE J. BUTCHER a.k.a. "STACKS", | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 00567.

Judgment:  Modified and affirmed as modified.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor*,* 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Donte J. Butcher*, pro-se, A-690-901, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}   Appellant, Donte J. Butcher, appeals his resentencing after this court affirmed in part, reversed in part, and remanded.  He argues the court exceeded the scope of remand by changing his sentence on counts affirmed.  Finding merit, we modify the trial court's decision and affirm the judgment as modified.

{¶2}   In August 2015, appellant was indicted on two counts of corrupting another with drugs under R.C. 2925.02(A)(1), one count of corrupting another with drugs under

R.C. 2925.02(A)(3), and two counts of aggravated drug trafficking under R.C. 2925.03(A). After he failed to appear for trial, appellant was charged with failure to appear under R.C. 2937.29 and intimidation of a crime victim or witness under R.C. 2921.04(B) via a supplemental indictment.

{¶3}    Appellant's first trial resulted in a mistrial.  At his second trial, the trial court granted appellant's motion for acquittal on the intimidation count.  The jury found appellant not guilty on one of the corrupting counts under R.C. 2925.02(A)(1) and guilty of the remaining counts.

{¶4}    Appellant was sentenced to an aggregate prison term of eleven years, mandatory terms of five years on the corruption counts, a one-year term for failure to appear, all to be served consecutively, and one-year terms for the trafficking counts, to be served concurrently.  He was also ordered to have no contact with the victims.

{¶5}    In appellant's first appeal, we reversed the no-contact order and appellant's conviction for failure to appear based on insufficient evidence.  In all other respects we affirmed.  In the final paragraph of our opinion, we said:

{¶6}    "The trial court shall vacate its original sentencing judgment and issue a judgment restating all aspects not reversed.  The judgment shall not contain a no-contact order, shall find appellant not guilty of failure to appear for lack of sufficient evidence, and shall modify appellant's sentence accordingly."  *State v. Butcher,* 11th Dist. Portage No. 2016-P-0062, 2018-Ohio-4943, ¶ 72.

{¶7}    At resentencing, despite our mandate to the contrary, appellant's counsel asserted that the trial court could reconsider appellant's entire sentence and argued for the five-year terms for corruption to run concurrently, rather than consecutively.  The trial

2

court thereafter, resentenced. In doing so, the court modified the sentence in two respects. First, as to the two one-year terms on the aggravated trafficking counts, the court ordered that they be served concurrent to each other, but consecutive to the imposed consecutive five-year terms on the corrupting counts; thus, appellant is still required to serve an aggregate term of eleven years, notwithstanding the dismissal of the failure to appear count. Second, the trial court increased court costs from $239 to $6,437.39.

{¶8} The trial court imposed the modified sentence, dismissed the failure to appear count, and again ordered appellant to have no contact with the victims.

{¶9} In appealing the resentencing judgment, appellant raises eight assignments for review:

{¶10} "[1.] The trial court lacked authority to changes sentences that the appellant already completed.

{¶11} "[2.] The trial court committed structural and plain error and denied appellant his due process rights when it imposed a sentence upon the appellant based on a crime not charged in his grand jury indictments.

{¶12} "[3.] The trial court abused its discretion when it imposed an increased fine after it found appellant indigent.

{¶13} "[4.] The trial court abused its discretion when it included a no-contact order in the new sentencing entry.

{¶14} "[5.] The trial court committed plain error when it failed to merge offenses as allied for sentencing purposes, violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

**{¶15}** "[6.] Trial court's findings for consecutive sentences under 2929.14(C)(4) are not supported by the record.

**{¶16}** "[7.] Counsel's failure to object prejudiced the appellant and denied him his right to the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution.

**{¶17}** "[8.] The trial court lacked subject matter jurisdiction to impose any sentence on appellant."

**{¶18}** Under his first assignment, appellant challenges the trial court's decision modifying his sentence on the two aggravated trafficking counts. As stated, the trial court originally ordered two one-year terms concurrent with the consecutive five-year terms on the corrupting counts. Upon remand, the trial court ordered that the one-year terms run concurrent with each other but consecutive to the five-year terms. Appellant argues that the trial court exceeded its authority in making this modification. The state does not contest this point.

**{¶19}** When a case is remanded to a trial court for further proceedings, that court is obligated to follow the appellate court mandate. *State v. Anthony*, 8th Dist. Cuyahoga No. 106240, 2018-Ohio-2050, ¶ 7. Stated differently, "the trial court lacks jurisdiction to exceed the scope of an appellate court's remand." *State v. Teagarden*, 5th Dist. Licking No. 14-CA-56, 2015-Ohio-2563, ¶ 24. When a case is remanded for resentencing on specific counts, a trial court lacks authority to modify the sentences on counts not referenced in the mandate; i.e., the sentences on the non-referenced counts are final and valid. *State v. Grayson*, 8th Dist. Cuyahoga No. 106578, 2017-Ohio-864, ¶ 18.

**{¶20}** Based upon our holding in appellant's first appeal, the scope of remand was

4

limited to finding appellant not guilty on the failure to appear count and modifying appellant's sentence accordingly, eliminating the no-contact terms, and reinstating all aspects of the convictions and sentences that were not reversed. *Butcher*, 2018-Ohio-4943, at ¶ 72. Given that appellant's convictions and sentence on the aggravated trafficking counts were not reversed, the trial court had no authority to run them consecutively. The modification from concurrent to consecutive is impermissible.

{¶21} Thus, appellant's first assignment has merit.

{¶22} The foregoing applies to appellant's third and fourth assignments as well. Under the third assignment, he maintains that the trial court erred in increasing court costs from $239 to $6,437.39. Again, the state does not contest this point.

{¶23} In his first appeal, appellant did not contest the amount of court costs, and our opinion did not address the issue. Therefore, since the scope of our remand did not include court costs, the trial court lacked jurisdiction to alter court costs.

{¶24} Under his fourth assignment, appellant argues that the trial court also erred in including a no-contact order in the resentencing judgment. In our first opinion, we held that a no-contact order cannot be imposed when a prison term is imposed. Moreover, our mandate specifically states that the resentencing judgment cannot contain a no-contact order. *Butcher*, 2018-Ohio-4943, at ¶ 54, 72. Appellant's fourth assignment has merit.

{¶25} Under his second and eighth assignments, appellant maintains that his convictions for corrupting another person with drugs are void because the indictment as to both counts fails to specifically identify fentanyl as the corrupting drug.

{¶26} In raising this argument, appellant further contends that a flawed indictment

5

deprives a trial court of subject matter jurisdiction and that the issue can therefore be asserted at any juncture of the proceeding. However, the failure to include a necessary element of an offense in the indictment is not an error affecting a trial court's jurisdiction to hear the case. *See State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 22-27; *State v. Arega*, 10th Dist. Franklin No. 17AP-909, 2018-Ohio-3137, ¶ 9. Appellant's reliance on *State v. Cimpritz*, 158 Ohio St. 490, 110 N.E.2d 416 (1953), is misplaced as it has been overruled. *Batich*, at ¶ 24; *Arega*, at ¶ 9, fn. 2.

**{¶27}** "'[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment.' *State v. Hobbs*, 11th Dist. Lake No. 2010-L-064, 2011-Ohio-1298, ¶ 39, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996)." *State v. Wilson*, 11th Dist. Lake No. 2015-L-067, 2015-Ohio-5465, ¶ 13.

**{¶28}** Because appellant's challenge to the indictment is not jurisdictional and could have been raised in his first appeal, it is barred by res judicata. *State v. Abdul*, 8th Dist. Cuyahoga No. 103510, 2016-Ohio-3063, ¶ 10; *State v. Nguyen*, 4th Dist. Athens No. 14CA42, 2015-Ohio-4414, ¶ 21.

**{¶29}** Appellant's second and eighth assignments are without merit.

**{¶30}** Under his fifth and sixth assignments, appellant argues that the corrupting counts should have been merged because they arose from the same transaction and involved the same victim and that there is insufficient evidence to support the trial court's consecutive findings under R.C. 2929.14(C).

6

{¶31} Both issues could have been, but were not, raised in the first appeal. Res judicata bars consideration now. As a result, his fifth and sixth assignments lack merit.

{¶32} Under his seventh assignment, appellant maintains that his convictions on the corrupting counts must be reversed based on ineffective assistance of trial counsel.

{¶33} Again, appellant could have but failed to raise these issues in his first appeal. They are therefore barred by res judicata.

{¶34} Appellant's first, third and fourth assignment have merit. We affirm and modify the trial court's January 15, 2019 resentencing judgment: the one-year terms on counts three and five are to be served concurrent with each other and counts one and four; appellant is not guilty of count six failure to appear; the no-contact order is vacated; and court costs are $239.00. All other aspects of the resentencing judgment are affirmed, resulting in an aggregate sentence of ten years.

TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.